**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10518 |
| Plaintiff - Appellant, | D.C. No. 4:13-cr-00787-YGR-1 |
| v. | |
| KRAIG HILL, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted December 8, 2015
San Francisco, California

Before: WARDLAW, W. FLETCHER, and MURGUIA, Circuit Judges.

The government appeals the district court's grant of Kraig Hill's suppression

motion. We have jurisdiction pursuant to 18 U.S.C. § 3731, and we affirm.

Although it was error (1) to suppress evidence based on the falsity of the

testimony of Officers Scheuller and Miguel, *see United States v. Thomas*, 726 F.3d

1086, 1093 (9th Cir. 2013), and (2) to conclude that Hill was unlawfully seized

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

when ordered to get out of his car, *see Pennsylvania v. Mimms*, 434 U.S. 106, 110–11 (1977), we "may affirm on any basis supported by the record," *United States v. McClendon*, 713 F.3d 1211, 1218 (9th Cir. 2013). We affirm the grant of Hill's suppression motion because, even assuming the officers had reasonable suspicion to stop Hill, they were, at most, investigating a completed misdemeanor, and so the manner and duration of the stop were unreasonable. *See United States v. Grigg*, 498 F.3d 1070, 1074–75, 1081–83 (9th Cir. 2007).

As the district court recognized, "the governmental interest in investigating possible criminal conduct based on an officer's reasonable suspicion may be outweighed by the Fourth Amendment interest of the driver in remaining secure from the intrusion." *Id.* at 1075. The alleged misdemeanor traffic violation occurred roughly fifteen minutes before the officers stopped Hill. By that time, Hill had parked the Mercedes in a hotel parking garage and had not been operating the vehicle for almost ten minutes. Hill was, at most, "a suspect in a past crime who now appear[ed] to be going about his lawful business," *United States v. Hensley*, 469 U.S. 221, 228 (1985), and he presented no "potential for ongoing or repeated danger," *Grigg*, 498 F.3d at 1081. Accordingly, the stop was not reasonable. *See id.* at 1081–82.

**AFFIRMED.**

*United States v. Hill*, No. 14-10518

MURGUIA, Circuit Judge, dissenting:

I respectfully dissent.  While I agree that the district court erred in granting Hill's motion to suppress based on the officers' false testimony and act of ordering Hill out of the car, I do not agree that the record in this case clearly demonstrates that Hill's stop was unreasonable.  *See United States v. Willis*, 431 F.3d 709, 714–15 (9th Cir. 2005).  Because the district court's focus was on the events subsequent to the stop, rather than the stop itself, I would vacate the district court's order and remand for any further factual development, and for the district court to determine in the first instance the legality of the stop, including whether the stop was unreasonable under *United States v. Grigg*, 498 F.3d 1070 (9th Cir. 2007).